UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-cv-24072-GAYLES/TORRES

AUBREY DAVIS,

    **Plaintiff,**

v.

MIAMI-DADE COUNTY, et al.,

    **Defendants.**

                                    /

## ORDER

**THIS CAUSE** comes before the Court on Miami-Dade County's Motion to Dismiss Amended Complaint (the "Motion"). [ECF No. 3]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion shall be granted.

## BACKGROUND

According to the allegations in the Complaint, Plaintiff Aubrey Davis ("Plaintiff") is a former bus driver for Defendant Miami-Dade County (the "County"). [ECF No. 1-1]. Plaintiff alleges that after he criticized the County's Department of Transportation for mismanagement and malfeasance, the County and Defendant Bus Operations Director Derrick Gordon ("Gordon") retaliated against him. *Id.* In particular, Plaintiff alleges that after he reported "improper activities", Defendant Reginal Tookes ("Tookes") falsely accused Plaintiff of assault. The County, relying on Tookes's purportedly false report, ordered Plaintiff to remain in his home, put him on leave without pay, and ultimately terminated his employment. *Id.*

Plaintiff then filed this action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. On November 2, 2021, Plaintiff filed his Amended Complaint against the County,

1

Gordon, and Tookes (collectively the "Defendants") alleging claims for Violation of Florida Statute § 112.3187 against the County (Count I); Violation of the First and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 against the County and Gordon (Count II); Deprivation of Property and Rights without Due Process pursuant to 42 U.S.C. § 1983 (Count III); and Slander (Count IV).[1] [ECF No. 1-1]. On November 18, 2021, the County removed the action to this Court on the basis of original and supplemental jurisdiction. [ECF No. 1].

The County now moves to dismiss Counts I-III of the Amended Complaint arguing[2] (1) Plaintiff failed to exhaust administrative remedies with respect to Count I; (2) Plaintiff fails to adequately allege the elements of Counts I-III; and (3) Plaintiff had adequate civil service remedies such that Count III must be dismissed. [ECF No. 3].

## DISCUSSION

### I.  Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff

---

[1] The Amended Complaint does not specify whether Counts III and IV are pled against some, or all, of the Defendants.
[2] The record does not reflect whether Defendants Gordon and Tookes have been served.

must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

## II.   Shotgun Pleading

The Amended Complaint is a shotgun pleading. "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). (internal quotation marks omitted). The Eleventh Circuit generally considers a complaint to be a shotgun pleading if it: (1) "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," *id.* at 1321; (2) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *id.* at 1321–22; (3) fails to "separate[e] into a different count each cause of action or claim for relief," *id.* at 1322–23; or (4) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," *id.* at 1323. Shotgun pleadings "fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests . . . [and] waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (internal quotations and citations omitted).

Here, the Amended Complaint improperly incorporates paragraph 38 from Count I into Counts II-IV. While this is likely a clerical error, it is nonetheless a pleading deficiency. Moreover, Plaintiff fails to specify which of the background facts relate to each claim. Finally, Counts III and IV do not indicate which Defendants the claims are brought against. As a result, the Amended Complaint shall be dismissed without prejudice.

### III. Defendant's Arguments

Although the Amended Complaint is subject to dismissal as a shotgun pleading, the Court will address each of the County's legal arguments in turn

#### A. Florida Public Whistleblower's Act (Count I)

The County argues that Count I should be dismissed for lack of jurisdiction because Plaintiff has not alleged that he filed an administrative complaint under the County's whistleblower ordinance. The County is correct that courts are without jurisdiction to preside over Florida whistle-blower actions if a plaintiff failed to exhaust administrative remedies. *See Miami-Dade County v. Harris*, 278 So. 3d 103, 106-07 (Fla. 3d DCA 2019) (holding on a petition for writ of prohibition that the trial court lacked jurisdiction to hear Florida whistle-blower claim where the plaintiff failed to exhaust his administrative remedies as set forth in a Miami-Dade County ordinance); *Jackson Health Sys. v. Louis*, 314 So. 3d 628, 629 (Fla. 3d DCA 2021) (holding on a petition for writ of prohibition that the failure to exhaust administrative remedies on a Florida whistle-blower action is jurisdictional). However, in both *Harris*, 278 So. 3d at 106, and *Louis*, 314 So. 3d at 629, the trial courts granted motions for summary judgment, not motions to dismiss. Here, the Court is proceeding on a motion to dismiss. Plaintiff alleges in the Amended Complaint that he "satisfied all conditions precedent and exhausted his administrative remedies prior to" filing this action. [ECF No. 1-1 ¶¶ 26-27, 42]. While Plaintiff's claim might ultimately be dismissed for

lack of jurisdiction, at this stage of the litigation, the Court must accept Plaintiff's allegations as true. Accordingly, the Motion is denied on this ground.

However, Plaintiff's allegations are otherwise too conclusory to state a claim for a violation of the Florida Public Whistle-Blower Act. Plaintiff fails to specify within Count I which of his background allegations support his claim. Indeed, Plaintiff provides no detail in Count I as to (1) the "misfeasance and malfeasance and gross mismanagement" about which he complained, (2) to whom he complained, or (3) when he complained. As a result, Count I shall be dismissed without prejudice.

### B.    Section 1983 – Violation of the First and Fourteenth Amendments (Count II)

In Count II, Plaintiff alleges the County and Gordon, acting under color of law, retaliated against him for exercising his First Amendment rights. To state a claim against the County for municipal liability under § 1983, Plaintiff must allege (1) his constitutional rights were violated, (2) the County had "a custom or policy that constituted deliberate indifference to that constitutional right," and (3) the policy or custom caused the violation of Plaintiff's rights. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Here, Plaintiff only makes a vague and conclusory allegation that the County had a policy of targeting whistleblowers, [ECF No. 1-1 ¶ 46]; therefore, he fails to adequately allege a specific policy or custom that resulted in the deprivation of his First Amendment rights. In addition, Plaintiff fails to specify within Count II when, how, and by whom he was retaliated against. Finally, Plaintiff names Gordon as a Defendant in Count II but fails to explain within the Count how Gordon is liable. As a result of these pleading deficiencies, Count II shall be dismissed without prejudice.

### C. Section 1983 – Deprivation of Property and Rights without Due Process (Count III)

In Count III, Plaintiff alleges that he was deprived of a property interest in his employment without due process. Count III is subject to dismissal on several grounds. First, it is unclear whether Plaintiff is alleging a due process violation against the County, the individual Defendants, or both. Moreover, Count III, like Counts I and II, is impermissibly vague and conclusory. Plaintiff fails to adequately allege a specific policy or custom that resulted in a deprivation of due process, and Plaintiff fails to specify within Count III which of the background allegations support his claims. Accordingly, Count III shall be dismissed without prejudice.[3]

### Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Miami-Dade County's Motion to Dismiss Amended Complaint [ECF No. 3] is **GRANTED.**

2. The Amended Complaint is **DISMISSED without prejudice**. Plaintiff shall file a Second Amended Complaint within ten (10) days of this Order. Failure to timely file a Second Amended Complaint shall result in dismissal of this action with prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of September, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[3] The County argues that Plaintiff's due process claim is barred because he had adequate civil service remedies, citing *McKinney v. Pate*, 20 F. 3d 1550, 1557 (11th Cir. 1994) ("[O]nly when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise."). While this argument might serve as a bar to Plaintiff's due process claim at summary judgment, at this stage of the litigation, Plaintiff has adequately alleged that he was denied due process. In particular, Plaintiff alleges that the County "den[ied] him a hearing on his administrative remedies. . . ." [ECF NO. 1-1 ¶ 31].